## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ARTHUR B.,

                Claimant,

      v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Respondent.

No. 20 C 2762

Magistrate Judge Jeffrey T. Gilbert

## MEMORANDUM OPINION AND ORDER

Arthur B.[1] ("Claimant") seeks review of the final decision of Respondent Kilolo Kijakazi,[2] Acting Commissioner of the Social Security Administration ("Commissioner"), denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties consented to the exercise of jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 6]. This Court, therefore, has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c), and this matter is fully briefed and ripe for review. *See* [ECF Nos. 13, 19, 20].

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his first name and the first initial of the last name.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

For the reasons discussed in this Memorandum Opinion and Order, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 13] (construed as a motion) is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 19] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

## PROCEDURAL HISTORY

On October 10, 2017, Claimant filed an application for disability insurance benefits, alleging a disability beginning on October 1, 2017. (R.149-155). His application was denied initially on November 20, 2017 (R.65-69), and again on reconsideration on April 9, 2018 (R.75-78), after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R.80-81). On February 28, 2019, Claimant appeared and testified at a hearing before ALJ Lana Johnson. (R.26-48). At the hearing, Claimant was represented by attorney Meaghan Doyle. (R.14, 29). During the hearing, the ALJ also heard testimony from vocational expert Richard T. Fisher. (R.42-47).

On April 3, 2019, the ALJ issued her decision denying Claimant's application for disability insurance benefits. (R.14-20). In finding Claimant was not disabled within the meaning of the Social Security Act, the ALJ followed the five-step evaluation process required by the Social Security Regulations for individuals over the age of 18. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Claimant met the insured status requirement of the Social Security Act through December 31,

2022, and that Claimant had not engaged in substantial gainful activity since October 17, 2017, the alleged onset date of his disability. (R.16). At step two, the ALJ found that Claimant has severe impairments, including causalgia/chronic pain status post perirectal abscess surgeries in 1979 and 1995 and inguinal hernia. (R.16). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R.17). The ALJ then determined that Claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except for the following limitations, including frequent stooping, kneeling, crouching, and crawling and frequent climbing of ramps and stairs, but only occasional climbing of ladders, ropes, and scaffolds. (R.17).

At step four, the ALJ found that Claimant is capable performing his past relevant work because "this work does not require the performance of work-related activities precluded by" his RFC. (R.20). For all these reasons, the ALJ found Claimant was not disabled under the Social Security Act. (R.20). The Appeals Council declined to review the matter on March 4, 2020 (R.1-6), making the ALJ's decision the final decision of the Commissioner. Therefore, this Court now has jurisdiction to review this matter. *See* 42 U.S.C. § 405(g); *see also Smith v. Berryhill,* 139 S. Ct. 1765, 1775 (2019); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Judicial review is limited to determining whether an ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching her decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotations omitted); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Biestek,* 139 S.Ct. at 1154; *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (internal quotations omitted). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision.

*Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted).

The reviewing court may not, however, "displace the ALJ's judgment by reconsidering

facts or evidence, or by making independent credibility determinations." *Elder v.

Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

Claimant raises three arguments challenging the ALJ's decision: (1) the ALJ

incorrectly assessed Claimant's RFC; (2) the ALJ's evaluation of Claimant's treating

physician was deficient; and (3) the ALJ improperly evaluated Claimant's subjective

symptoms. *See* Claimant's Brief [ECF No. 13]. In response, the Commissioner

contends that there is very little objective medical evidence in the record that

supports Claimant's claimed impairments and allegations of disability, and the ALJ

did what she was required to do in reaching her conclusions. *See* Commissioner's Brief

[ECF No. 19]. The Commissioner essentially argues that the medical evidence in the

record does not corroborate Claimant's assertions of limited functionality, and so the

ALJ reasonably concluded that Claimant is not disabled. The Court will address the

parties' arguments in turn.

The Court begins with the ALJ's assessment of the medical opinion evidence

in the record. As the Commissioner points out, the Social Security Administration

recently amended the Regulation applying to medical source opinions. The new

Regulation applies to all applications filed after March 27, 2017, which includes this

case, and eliminates the treating source rule. 20 C.F.R. § 404.1520c. It provides in

pertinent part that the agency "will not defer or give any specific evidentiary weight,

including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c. The new Regulation also identifies specific factors for an ALJ to consider, including supportability, consistency, relationship to the claimant (length, frequency, purpose, and extent of the relationship), specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1). The Regulation specifies that the supportability and consistency of a physician's opinion are the most important factors and that the ALJ will explain how she considered these two factors. 20 C.F.R. § 404.1520c(b)(1). But the ALJ need not explain how she considered the remaining factors. 20 C.F.R. § 404.1520c(b)(1).

In this case, the ALJ first discussed the medical opinion provided by Claimant's treating physician, Ramil Francisco, M.D., who completed a Chronic Pain Residual Functional Capacity Questionnaire for Claimant. (R.19-20,405-07). After summarizing Dr. Francisco's opinion and treatment records, the ALJ concluded that she did not find Dr. Francisco's opinion persuasive. (R.19). To support that conclusion, the ALJ explained that Claimant saw Dr. Francisco on only three occasions, and during those physical examinations of Claimant, the ALJ noted that Dr. Francisco's findings were normal. (R.19) (citing R.268, 275-77, 362-64). The ALJ furthered noted that Dr. Francisco recorded Claimant's subjective assertions of pain, but did not record any observed deficits in Claimant's functioning. (R.19). In addition, the ALJ noted that on March 1, 2018, Claimant's report to Dr. Francisco was that his pain was only a three out of ten. (R.19, 365). Yet, that note was inconsistent with Dr. Francisco's assessment on the opinion form he filled out that very same day that

6

Claimant's pain ranged from five to ten on a ten-point scale. (R.19) (comparing R.365 with R.405). For these reasons, the ALJ explained that Dr. Francisco's opinion of Claimant's significant functional deficits were unsupported by and inconsistent with the medical evidence, and she found Dr. Francisco's opinion was unpersuasive.[3] (R.19).

In the Court's view, the ALJ reasonably and sufficiently explained why she found Dr. Francisco's opinion unpersuasive. The ALJ discussed the supportability and consistency of his opinion as required by the new Regulation, and the ALJ reasonably concluded that there is very little, if any, objective medical evidence in the record that supports Dr. Francisco's opinion of Claimant's extreme limitations. The ALJ did what she was required to do under the governing regulations, and the Court cannot say her analysis is deficient. Therefore, remand is not warranted on this issue.

Although this Court is not persuaded by Claimant's argument that remand is required because the ALJ incorrectly assessed the medical source opinion evidence, the Court does agree with Claimant's arguments that the ALJ's RFC determination and her analysis of Claimant's subjective complaints require remand here. The Court will address these two issues together. The standard of review for these two arguments is clear and not controversial. The ALJ's analysis of a claimant's RFC "must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). An

---

[3] The record also includes medical source opinions from the state agency physicians who also provided opinion evidence in this case. Claimant, however, does not challenge the ALJ's analysis of those medical source opinions. The Court, therefore, will not address those opinions.

ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but she must build a logical bridge from the evidence to her conclusion. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Here, the ALJ began her RFC analysis discussing two Function Reports submitted by Claimant and then briefly summarized Claimant's hearing testimony. (R.18). The ALJ continued her discussion with the familiar boilerplate language used by many ALJs: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the allege symptoms; however, the claimant's statements concerning the intensity persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R.18). Next, the ALJ provided a brief recitation of Claimant's treatment history, which objectively is sparse, and discussed some specific treatment records. (R.18-19). After summarizing the medical source opinion evidence and explaining how she evaluated those opinions, the ALJ ultimately concluded: "In sum, the above residual functional capacity assessment is supported by the medical records. The claimant has been diagnosed with causalgia and perianal abscesses that cause burin pain and paresthesia (5F) and right inguinal hernia (7F/14). As a result of the combination of these impairments, the claimant is limited to performing a restricted range of light work activities." (R.20).

It is well-settled law that mere boilerplate statements and conclusions cannot support an ALJ's decision and an ALJ must set forth "specific reasons" for discounting

subjective reports of symptoms. *See Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009), citing *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *Steele v. Barnhart,* 290 F.3d 936, 941-42 (7th Cir. 2002). An ALJ's sparse explanation frustrates a court's ability to engage in a meaningful review of the ALJ's decision. *Eakin v. Astrue*, 432 Fed. Appx. 607, 611 (7th Cir. 2011).

As discussed above, the ALJ stated that her RFC finding is "supported by the medical records" and then she cited a few exhibits in the record presumably as support for her assessment. (R.20). The ALJ, however, failed to articulate any analysis she conducted of the evidence or explain how she reached her conclusion that Claimant is not as disabled as he claims. The ALJ's decision contains no markers for the Court to follow to discern the path the ALJ followed in reaching her conclusion. The Court cannot assume or speculate what the ALJ was thinking when she cited a few exhibits and said the medical records support her conclusion. Simply citing a few specific medical facts or exhibits in the record is not enough. *See* SSR 96-8p (requiring that the "RFC assessment must include a narrative discussion describing how the evidence supports the conclusion"). In the Court's view, the ALJ erred by not providing a narrative discussion of how the record evidence supported her determination that Claimant is limited to performing a restricted range of light work activities. The Court is left with two critical and dispositive questions: (1) how does the clinical evidence support the ALJ's RFC assessment; and (2) how does the ALJ account for Claimant's subjective complaints in that RFC assessment? Nowhere in her opinion does the ALJ answer these questions.

The Court recognizes there is minimal medical record evidence in this case and it appears that Claimant did not receive significant treatment during the relevant period for the impairments he alleges cause his disability, and that those impairments and the resulting pain existed for many years prior to his application for disability benefits. Nonetheless, Claimant testified he had "intense pain" from past surgeries that made it difficult for him to sit, stand, walk, and lay down. (R.33). He testified that he worked through the pain and then retired in September 2017 because he no longer could perform his duties. (R.32). There is some additional evidence in the record that Claimant reported that he could not sit, walk, or stand for more than 30 minutes without experiencing severe pain (R.210) and that typically he only could sit for 15 to 20 minutes (R.39) and walk for 20 to 30 minutes before needing to rest for 15 to 20 minutes (R.38, 215). Claimant reported being unable to work because his chronic rectal pain impeded his ability to sit, stand, and walk for prolonged periods. (R.267, 297-98, 363). Another record notes that Claimant could walk or sit for 30 minutes before he needed to lie down for 30 minutes. (R.220). Claimant also testified that he relied on his wife to prepare meals and do chores due to his pain. (R.37-38).

The ALJ may not have been persuaded by Claimant's testimony or the record evidence, but she did not provide adequate explanation of her rationale for rejecting that evidence and reaching the conclusions she reached. It is well-settled that an ALJ cannot cherry pick which evidence to evaluate and disregard other critical evidence. *See Scrogham v. Colvin,* 765 F.3d 685, 696-99 (7th Cir. 2014); *Myles,* 582 F.3d at 678.

The Court cannot, and will not, make assumptions about how the ALJ evaluated and weighed the medical evidence and Claimant's testimony when there is evidence in the record that is inconsistent with the ALJ's evaluation. *See Briscoe*, 425 F.3d at 352 (finding that an ALJ must explain how the evidence supports their specific functional restrictions); *Scott v. Astrue*, 647 F.3d 734, 740-41 (7th Cir. 2011) (holding that an ALJ must consider claimant reports on the limiting pain of their medically determinable impairments). Therefore, the case must be remanded for further explanation from the ALJ.

The Commissioner attempts to provide a more detailed explanation of the ALJ's analysis and to explain how the record evidence supports the ALJ's determination of Claimant's RFC and how she assessed Claimant's subjective complaints. *See* Commissioner's Brief [ECF No. 19], at 9-15. While ultimately the Commissioner may be correct about what the ALJ was thinking, the Court will not speculate about what was in the ALJ's mind based on the Commissioner's explanation rather than an explanation from the ALJ herself. The Court must consider solely what the ALJ said, or did not say as the case may be, when determining whether her decision is supported by substantial evidence. The Commissioner's post-hoc attempt to substantiate the ALJ's decision cannot save the day here, and the Commissioner's explanation is not what the Court must review. In advancing a reason not relied upon by the ALJ, the Commissioner violates the *Chenery* doctrine. *See SEC v. Chenery Corp.*, 318 U.S. 80 (1943). "Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's

decision on grounds that the agency itself did not embrace." *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)

As one example, the Commissioner argues that the ALJ considered Claimant's testimony that he had experienced pain since the 1990s, but continued to work full-time for years until he retired in September 2017. *See* Commissioner's Brief [ECF No. 19], at 9-10. The Commissioner seems to suggest that because Claimant experienced pain for many years, but continued to work, his ongoing complaints of pain and inability to work do not support a finding of current disability because he worked for many years under similar conditions. The Court acknowledges that could be a reasonable explanation for the ALJ's determination as the Commissioner seems to suggest. The problem is that ALJ does not say that; the Commissioner does. This Court must consider only the ALJ's explanation for her decision to find a claimant not disabled. In this case, the ALJ's opinion is sorely lacking in that respect.

The Court also acknowledges that some of the arguments the Commissioner relies upon to argue that Claimant's subjective complaints and testimony should not be credited fully may well have been considered by the ALJ. Again, without any explanation from the ALJ, it is impossible for the Court to understand how the ALJ assessed Claimant's testimony and if that assessment was reasonable. The ALJ simply did not sufficiently describe her decisional process and did not sufficiently explain her RFC determination nor did she sufficiently address Claimant's subjective complaints in reaching her RFC determination. Because the Court cannot decipher how the ALJ reached her conclusion that Claimant can perform a restricted range of

light work, it cannot connect the dots to determine whether there is substantial evidence to support her conclusions, and the Court will not speculate about that important issue. Ultimately, the ALJ's brief summary of Claimant's testimony and her chronological recitation of the contents of Claimant's medical records and treatment history is not legally sufficient, without more from the ALJ as opposed to the Commissioner, and it does not provide any explanation of how Claimant's subjective complaints have been taken into account. Therefore, remand is required.

The Court is mindful of the deference that is owed to an ALJ's decision under the substantial evidence standard and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). In this case, the ALJ's explanation of Claimant's RFC and her assessment of Claimant's subjective complaints and testimony are deficient, and remand is required for those reasons. This is not an instance in which the Court is reweighing the evidence. Here, the ALJ simply recited the record evidence without explaining how she weighed it in the first place. That does not mean the Court agrees with Claimant that he is disabled and cannot work within the meaning of the applicable law. Rather, it means that the ALJ did not explain her decisional process sufficiently for the Court to be able to conclude that her ultimate decision is supported by substantial evidence under the controlling standard of review. When an ALJ's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review," as is the case here, the case must be remanded. *Steele*, 290 F.3d at 940.

The Court expresses no opinion about the decision to be made on remand but encourages the ALJ to provide a more fulsome explanation of her analysis, the evidence she took into account, and the weight she gave to it, and to do what is necessary to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See Myles*, 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions."); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000).

## CONCLUSION

For all the reasons discussed above, Claimant's Memorandum in Support of Summary Remand [ECF No. 13] is granted, the Commissioner's Motion and Memorandum in Support of Motion for Summary Judgment [ECF No. 19] is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 8, 2022

14